UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BLACKWELL SANDERS PEPER MARTIN, LLP**, a Missouri limited liability partnership, and **ERNEST M. FLEISCHER**,<br><br>    Plaintiffs,<br><br>v.<br><br>**FEDERAL DEPOSIT INSURANCE CORPORATION**, as Receiver for the Benj. Franklin Federal Savings and Loan Association,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Case No. 06-01273 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### BLACKWELL SANDERS' MEMORANDUM OF POINTS AND AUTHORITIES IN PARTIAL OPPOSITION TO FDIC's MOTION TO CONSOLIDATE CASES

Plaintiffs[1] offer this Memorandum in Partial Opposition to the Federal Deposit Insurance Corporation's ("FDIC's") Motion to Consolidate this action with three others already pending in this Court.[2] Blackwell Sanders never received any compensation from the Litigation Fund, the fourth case that the FDIC seeks to consolidate with the Attorneys' Fee Cases. Blackwell Sanders objects to consolidation with the Litigation Fund because there are no common facts or questions of law as required under Rule 42.

---

[1] Blackwell Sanders Peper Martin, LLP and Ernest M. Fleischer, collectively "Blackwell Sanders" or "Plaintiffs"

[2] The FDIC has moved to consolidate the following cases in which it is the named defendant: *Blackwell Sanders, et al. v. FDIC,* No. 1:06CV01273; *Winston & Strawn, LLP v. FDIC,* No. 1:06CV01120; *Wilner & Assoc. v. FDIC*, 1:06CV1227 (collectively, the "Attorneys' Fee Cases") and *Benj. Franklin Shareholders Litigation Fund v. FDIC*, No. 1:06CV01025 ("Litigation Fund").

1.      **Plaintiffs' attorneys' fees claim should not be consolidated with the claim of the Litigation Fund.**

Blackwell Sanders adopts the arguments contained in Don S. Wilner & Assoc.'s Memorandum of Points and Authorities in Partial Opposition to Defendant's Motion to Consolidate Cases. Attorneys' Fee Case No. 1:06CV01227 (EGS) (the "Wilner Brief") at page 4, Section I.  In further response, Blackwell Sanders' opines that Rule 42 permits consolidation of multiple actions when they involve a common question of law or fact pending before the court. Fed. R. Civ. P. Rule 42(a).   There are no common questions of law or fact with respect to the Litigation Fund's claim and the claim of Blackwell Sanders.

Blackwell Sanders' claim arises from its contingent fee work on one specific litigation matter – the objection to the IRS' claim for $1,200,000,000.[3]   As discussed at length in the Wilner Brief, the Litigation Fund was formed years before the IRS claim and well before this litigation.  The Litigation Fund's lawsuit, seeks payment of interest on the money contributed by shareholders.  This question has simply nothing to do with whether Blackwell Sanders or the other Attorneys' Fee claimants are entitled to recover additional fees for preservation of the common fund of Benj. Franklin.

In further response, Blackwell Sanders adopts the arguments and authorities set forth in Benj. Franklin Shareholders Litigation Fund's Memorandum of Points and Authorities in Opposition to the Defendant FDIC's Motion to Consolidate Cases, Case No. 06-01025.

---

[3]     *United States v. FDIC*, No. 1:02CV01427 (EGS).

2. **Blackwell Sanders' remedy is legally distinct from that of the other Attorney's Fee Cases.**

Both the Winston & Strawn and Wilner actions present some related factual questions common with Blackwell Sanders' claim; specifically, the facts necessary to adjudication of the attorneys' right to payment based on the success in the IRS-related litigation.

However, Blackwell Sanders' fees cannot be calculated in the same manner as the other fee applicants. As explained in the original Complaints of the other fee applicants[4], both the Winston & Strawn and Wilner firms were engaged from 1990 until the IRS objection was resolved and worked on an alternative fee structure that allowed them the guaranteed payment of a minimum of $125 per hour from the Litigation Fund, plus an additional amount if successful.

On the other hand, Blackwell Sanders' representation was solely contingent, with the understanding that if no assets of the estate were preserved, Blackwell Sanders and Mr. Fleischer would have to absorb their time and their costs. In this circuit, a methodology for calculating a fee to the prevailing attorney in a common fund case that yields a "reasonable fee based on a percentage of the fund is presumptively reasonable." *Swedish Hospital Corporation v. Shalala*, 1 F.3d 1261, 1267-68 (D.C. Cir. 1993).

---

[4] *Winston & Strawn LLP v. FDIC*, Case No. 1:06-CV-01120-EGS (D. D.C.); *Don S. Wilner v. FDIC*, Case No. 1:06-CV-01227-EGS (D. D.C.).

- 3 -

## **CONCLUSION**

Blackwell Sanders does not object to consolidation of the Attorneys' Fee Cases, but objects to consolidation of its cause of action with that of the Benj. Franklin Litigation Fund.

Dated: September 7, 2006          Respectfully submitted,

/s/ *Nancy S. Jochens*
James Borthwick    MO #19722
Nancy S. Jochens    MO #49022
Blackwell Sanders Peper Martin LLP
4801 Main Street, Suite 1000
Kansas City, Missouri 64112
Phone: (816) 983-8000
Facsimile: (816) 983-8080

/s/ *William F. Demarest, Jr.*
William F. Demarest, Jr. (D.C. Bar No. 266312)
Blackwell Sanders Peper Martin LLP
750 17th Street N.W., Suite 1000
Washington, D.C. 20006-3901
Phone: (202) 378-2300
Facsimile: (202) 378-2319

Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the above and foregoing document was filed electronically with the above captioned Court, with notice of case activity generated and sent electronically by the Clerk of the Court to those requesting notice.

/s/ *Nancy S. Jochens*
Nancy S. Jochens