## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLACKWELL SANDERS PEPER MARTIN, LLP, <br><br>and<br><br>ERNEST M. FLEISCHER,<br><br>               Plaintiffs,<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER FOR THE BENJ. FRANKLIN FS&LA, PORTLAND, OREGON<br>550 17TH STREET, NW<br>WASHINGTON, DC 20429<br><br>               Defendant. | Civil Case No. 06-01273 (EGS) |

### ANSWER OF FDIC

The Federal Deposit Insurance Corporation, as Receiver for The Benj. Franklin FS&LA (FDIC-Receiver), answers the complaint of Blackwell Sanders Peper Martin LLP (the Blackwell firm) and Ernest Fleischer (Fleischer) (collectively the Plaintiffs), as follows:

### Jurisdiction, Parties, and Venue

1.     In answer to Paragraph 1 of the Complaint, the FDIC-Receiver submits the following: The FDIC-Receiver admits that the Court has jurisdiction to review the partial disallowance of Fleischer's proof of claim. The conclusions regarding the nature of this action and the relief requested do not require an answer, but to the extent an answer is required, the FDIC-Receiver denies them.

2.      The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 2 of the Complaint regarding the business structure or principal office of the Blackwell firm.

3.      The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment of Paragraph 3 of the Complaint regarding Fleischer's relationship with the Blackwell firm or his residence.

4.      For its answer to the averments of Paragraph 4 of the Complaint, the FDIC-Receiver-Receiver submits the following:  The Federal Deposit Insurance Corporation was created by Congress in 1933 as a body corporate and is authorized by statute to act in several different capacities.  *See* 12 U.S.C. § 1819; 12 U.S.C. §§ 1821(a) and (c); and 12 U.S.C. § 1823(d)(3).  In this action, the FDIC-Receiver is being sued in its capacity as Receiver for Benj. Franklin FS&LA, as statutory successor to the Resolution Trust Corporation (RTC), as Receiver for Benj. Franklin FS&LA, as provided by 12 U.S.C. § 1441a(m)(1).

5.      FDIC-Receiver admits the averment of Paragraph 5 of the Complaint that Fleischer has complied with all relevant procedural mandates.

6.      FDIC-Receiver admits the averment of Paragraph 6 of the Complaint that the Court may exercise personal jurisdiction over the FDIC-Receiver in this case.

7.      FDIC-Receiver admits the averment of Paragraph 7 of the Complaint that venue is proper pursuant to 12 U.S.C. § 1821(d)(6); therefore the averment with respect to 28 U.S.C. § 1391(b)(1)-(2) is either inapplicable or irrelevant.

**Facts**

8. FDIC-Receiver admits the averment of Paragraph 8 of the Complaint that in 2002 the IRS filed a proof of claim asserting a tax liability of approximately $1.2 billion.

9. FDIC-Receiver admits the averment of Paragraph 9 of the Complaint that the receivership assets would have been exhausted if the IRS tax claim had been upheld.

10. For its answer to the averments of Paragraph 10 of the Complaint, the FDIC-Receiver submits the following: The FDIC-Receiver admits that the issues involved in the IRS Claim were complex. The FDIC-Receiver admits it considered paying available receivership funds in partial satisfaction of the IRS Claim. The averments in the remainder of Paragraph 10 constitute speculation or legal conclusions that do not require answers. To the extent answers are required to the Plaintiffs' speculation and legal conclusions, the FDIC-Receiver denies them.

11. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 11 of the Complaint with respect to why Don Willner (Willner) hired Fleischer but denies any implication, contention, or conclusion that the Plaintiffs are entitled to a success fee of $2 million.

12. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 12 of the Complaint with respect to what Willner said to Fleischer but denies any implication, contention, or conclusion that the Plaintiffs are entitled to a success fee of $2 million.

13. FDIC-Receiver denies that averment of Paragraph 13 of the Complaint that any services provided by the Plaintiffs significantly contributed to the reduction of the $1.2 billion tax claim and retention of more than $42 million in the receivership estate.

14. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 14 of the Complaint with respect to the Plaintiffs' qualifications. The FDIC-Receiver admits that Fleischer provided some advice related to the settlement discussions related to the IRS tax claim but denies any implication, contention, or conclusion that the Plaintiffs are entitled to the relief requested. In addition, the FDIC-Receiver notes that it paid Fleischer $89,465.34 for his services, which is fair and reasonable, and neither Fleischer nor the Blackwell firm is entitled to a success fee of $2 million.

15. FDIC-Receiver denies that averment of Paragraph 15 of the Complaint that Fleischer was instrumental in analyzing the IRS's tax claim and developing defenses against it, particularly as a basis for justifying a success fee of $2 million.

16. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 16 of the Complaint with respect to any alleged risk to the Plaintiffs related to any services provided but denies any implication, contention, or conclusion that the Plaintiffs are entitled to a success fee of $2 million.

17. For its answer to the averments of Paragraph 17 of the Complaint, the FDIC-Receiver submits the following: The FDIC-Receiver admits that the issues presented by the IRS tax claim were novel and complex but denies any implication, contention, or conclusion that the Plaintiffs are entitled to a success fee of $2 million. The FDIC-Receiver admits that the IRS partially based its tax claim on the assertion that Federal Financial Assistance should be treated as taxable income, but submits that the record in *United States v. FDIC*, No. 1:02CV01427 is the best evidence of the basis of the IRS's tax claim. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averment that Fleischer is one of a

handful of lawyers who has dealt with, and continues to deal with, a similar matter in another case.

18.    For its answer to the averments of Paragraph 18 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver admits that the Plaintiffs have been paid for substantially all of their customary hourly rates for the services provided and submits that they are not entitled to any further compensation, particularly a success fee of $2 million.  The FDIC-Receiver admits that it rejected Fleisher's request for a success fee, because neither he nor the Blackwell firm are entitled to a success fee for the services provided.

19.    For its answer to the averments of Paragraph 19 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver admits that Willner included Fleischer's listing of services in a proof of claim filed by Willner.  The FDIC-Receiver admits that on March 3, 2006, Fleischer sent a facsimile message to Richard Gill with respect to the alleged contingency fee arrangement but denies any implication, contention, or conclusion that the Plaintiffs are entitled to a contingency fee.

20.    For its answer to the averments of Paragraph 20 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver admits that in a letter dated May 19, 2006, the FDIC-Receiver allowed Fleischer's claim in the amount of $89,465.34, which included expenses of $1,408.34.  The FDIC-Receiver admits that the FDIC-Receiver advised Fleischer that a fee enhancement was not appropriate.  The FDIC-Receiver admits that the May 19 letter did not include a discussion of any risks inherent in the alleged contingency fee arrangement for the services provided but denies that such a discussion was necessary.  The FDIC-Receiver admits that in a letter dated June 6, 2006, the FDIC-Receiver advised Fleischer that his claim had been partially allowed and that the FDIC-Receiver enclosed a check in the amount of

$89,465.34. The FDIC-Receiver admits that the June 6 letter did not include a discussion of any risks inherent in the alleged contingency fee arrangement for the services provided but denies that such a discussion was necessary.

21. FDIC-Receiver admits the averment of Paragraph 21 of the Complaint that Fleischer is entitled to *de novo* review of the denial of his claim pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii).

## FIRST CLAIM FOR RELIEF
**Determination of Claim for Reasonable Attorney's Fees under 12 U.S.C. § 1821(d)(4)-(5)**

22. FDIC-Receiver repeats and incorporates each Answer to Paragraph 1-21 of the Complaint.

23. FDIC-Receiver admits the averment of Paragraph 23 of the Complaint that Fleischer has complied with the procedural mandates of 12 U.S.C. § 1821 and is entitled to *de novo* review of the denial of his claim pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii).

24. FDIC-Receiver denies the averments of Paragraph 24 of the Complaint that the fees sought by the Plaintiffs are reasonable.

25. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 25 of the Complaint that the Plaintiffs expended vast resources and applied unique expertise related to the settlement of the IRS tax claim with no assurance that they would recover any amount for such services and denies that any services provided by the Plaintiffs entitle them to a contingency fee of $2 million.

26. FDIC-Receiver denies the averment of Paragraph 26 of the Complaint that Fleischer's services directly resulted in the preservation of tens of millions of dollars for distribution to the shareholders of Benj. Franklin.

6

27.     For its answer to the averments of Paragraph 27 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver admits that it paid Fleischer based on a standard hourly rate for attorneys offering similar services.  The FDIC-Receiver admits that it took six months to render its determination of Fleisher's proof of claim but denies that the period of review is relevant to this action.  The FDIC-Receiver admits that it determined to allow Fleischer's claim for nearly all the time requested at a standard hourly rate but denies that either Fleischer or the Blackwell firm is entitled to any further compensation.  In addition, the FDIC-Receiver qualifies its answer as follows:  Fleischer was allowed to file a "claim" in the Benj. Franklin receivership as an accommodation in conjunction with the settlement of outstanding lawsuits, in particular the IRS Case.  *See United States v. FDIC*, Civil Case No. 02-1427 (EGS) (D.D.C.); Defendant FDIC's Unopposed Motion For A Fairness Hearing Including Supporting Statement Of Points And Authorities (Feb. 3, 2006) and Exhibit A thereto, Notice To All Current Shareholders Of Benj. Franklin Federal Savings & Loan Association.  In fact, Fleischer's claim was originally included in the claim submitted by Don Willner, because Willner engaged Fleischer's services as a consultant.  Neither Willner nor Fleischer represented any party to the IRS Case or entered an appearance in that case.  The foregoing qualification is incorporated by reference in each Paragraph of the Answer.

28.     FDIC-Receiver denies the averment of Paragraph 28 of the Complaint that the success fee sought by the Plaintiffs constitutes no more that the amount of compensation necessary to attract competent counsel.

29.     For its answer to the averments of Paragraph 29 of the Complaint, the FDIC-Receiver submits the following:  The FDIC-Receiver denies that the Plaintiffs had – or have – any fee agreement with the FDIC-Receiver or the shareholders of Benj. Franklin.  In addition,

the FDIC-Receiver denies that the FDIC-Receiver or the shareholders of Benj. Franklin are obligated to the Plaintiffs based on any fee arrangement they have with Willner.

30. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 30 of the Complaint that the Plaintiffs would not have undertaken any services related to the IRS tax claim based on its ordinary and usual hourly rates, denies that the averment is relevant, and denies any implication, contention, or conclusion that the Plaintiffs are entitled to a success fee of $2 million.

31. FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 31 of the Complaint that the Plaintiffs have not been compensated for any risk allegedly associated with any services provided, denies that the averment is relevant, and denies any implication, contention, or conclusion that the Plaintiffs are entitled to a success fee of $2 million.

## SECOND CLAIM FOR RELIEF
### Quantum Meruit

32. FDIC-Receiver repeats and incorporates each Answer to Paragraph 1-31 of the Complaint.

33. FDIC-Receiver denies that averments of Paragraph 33 of the Complaint that the $2 million contingency or success fee requested by the Plaintiffs is reasonable.

34. For its answer to the averments of Paragraph 34 of the Complaint, the FDIC-Receiver submits the following: The FDIC-Receiver admits that Fleischer rendered services related to the settlement of the IRS tax claim but denies that such services justify payment of a success fee of $2 million. The FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments that the Plaintiffs committed extensive resources and applied unique expertise related to the settlement of the IRS tax claim. The FDIC-Receiver

denies that the Plaintiffs made a significant contribution to the settlement or that any contributions they made resulted in the preservation of tens of millions of dollars for distribution to the shareholders. The FDIC-Receiver submits that neither Fleischer nor the Blackwell firm are entitled to any further compensation for any services provided, particularly a contingency or success fee of $2 million.

35. For its answer to the averments of Paragraph 35 of the Complaint, the FDIC-Receiver submits the following: The FDIC-Receiver admits that Fleischer provided services related to the settlement of the IRS tax claim, services that the FDIC-Receiver determined were appropriate for payment at a standard non-discounted hourly rate. The FDIC-Receiver denies that the Plaintiffs are entitled to additional payment, particularly a contingency or success fee of $2 million.

36. For its answer to the averments of Paragraph 36 of the Complaint, the FDIC-Receiver submits the following: FDIC-Receiver denies the averments that claim that the Benj. Franklin shareholders and the Benj. Franklin receivership accepted, used and enjoyed Plaintiffs' services to the extent the averments imply, contend, or conclude that the Plaintiffs are entitled to additional compensation. The FDIC-Receiver denies that any services provided by the Plaintiffs effectuated the favorable resolution of the IRS tax claim.

37. FDIC-Receiver-Receiver denies the general averment of Paragraph 37 of the Complaint that Benj. Franklin's shareholder plaintiffs and the FDIC-Receiver were provided with reasonable notice that the Plaintiffs expected to be paid for its services to the extent the Plaintiffs imply that the shareholders and the FDIC-Receiver knew that the Plaintiffs expected to be paid a contingency or success fee and denies that such a fee is fair and reasonable. In further answer to subparagraphs (i) through (iv) of Paragraph 37, the FDIC-Receiver submits the following:

   (i) FDIC-Receiver denies that the Plaintiffs had – or have – any fee agreement with the FDIC-Receiver or the shareholders of Benj. Franklin.  In addition, the FDIC-Receiver denies that the FDIC-Receiver or the shareholders of Benj. Franklin are obligated to the Plaintiffs based on any fee arrangement they have with Willner.

   (ii) FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to whether and on what terms the Plaintiffs would have rendered its services.

   (iii) FDIC-Receiver denies that the Plaintiffs are entitled to recover additional compensation, in particular a contingency or success fee of $2 million.

   (iv) FDIC-Receiver is without knowledge or information sufficient to form a belief as to the truth of the averments with respect to whether over one-third of Benj. Franklin's shareholders have already approved a success fee but denies that the Plaintiffs are entitled to a success fee, even if the averment is true.

**Affirmative Defenses**

1. The Complaint fails to state a claim upon which relief can be granted.

2. The FDIC-Receiver paid the Plaintiff Fleischer fair and reasonable compensation of $89,465.34, and has thus satisfied any obligation it otherwise may have had to the Plaintiffs.

3. To the extent that the Plaintiffs are requesting interest on any fees or expenses, their claim is barred by applicable receivership law.  Specifically, 12 C.F.R. § 360.3 (2006) (applicable to receiverships established before August 10, 1993) allows interest only on withdrawable accounts and other claims that have accrued and become unconditionally fixed as of the date the receivership is established.  The fees allowed and paid on Plaintiff Fleischer's

proof of claim are appropriately treated as an administrative expense of the FDIC-Receiver that is not entitled to interest, by the express terms of 12 C.F.R. § 360.3.

4. Under prevailing common law principles, the Plaintiffs are not entitled to a fee enhancement or interest on the $89,465.34 already paid to Plaintiff Fleischer for attorney's fees and expenses or for any accrued fees and expenses for which Plaintiff Fleischer or the Blackwell firm has not yet received payment.

Wherefore, Defendant FDIC-Receiver requests the Court to dismiss the Complaint, with prejudice, and grant the FDIC-Receiver any and all other relief allowed by law.

Respectfully submitted,

Dated: September 29, 2006                /s/ Bruce C. Taylor
                                         Bruce C. Taylor
                                         Federal Deposit Insurance Corporation
                                         550 17th Street, NW
                                         Room VS-E7118
                                         Washington, DC 20429
                                         (703) 562-2436 (Telephone)
                                         (703) 562-2478 (Facsimile)

                                         Counsel for Federal Deposit Insurance Corporation,
                                         as Receiver for The Benj. Franklin FS&LA