HENRY C. DARMSTADTER
CHARLES M. DUFFY
JEREMY N. HENDON
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, D.C. 20044-0683
Telephone: (202) 307-6481
          (202) 307-6406
          (202) 353-2466

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NUMBER 1:02CV01427 |
| Plaintiff, | JUDGE: Emmet G. Sullivan |
| | DECK TYPE: General Civil |
| vs. | DATE STAMP: 07/17/2002 |
| FEDERAL DEPOSIT INSURANCE CORPORATION; and FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as receiver for the BENJAMIN FRANKLIN FEDERAL SAVINGS & LOAN ASSOCIATION, and as successor receiver for the RESOLUTION TRUST CORPORATION, | FILED<br>JUL 17 2002 |
| Defendants. | |

**UNITED STATES' COMPLAINT FOR JUDICIAL DETERMINATION OF TAX CLAIMS IN FDIC RECEIVERSHIP PROCEEDING AND TO REDUCE INCOME TAX ASSESSMENTS TO JUDGMENT**

The United States of America, by its undersigned counsel, alleges as follows:

ORIGINAL

1

## JURISDICTION AND VENUE

1. This is a civil action brought by the United States of America for a judicial determination adjudicating the amount, validity and status under 12 C.F.R. § 360.3 of claims filed by the Internal Revenue Service with the Resolution Trust Corporation and the Federal Deposit Insurance Corporation in the Benjamin Franklin Federal Savings & Loan Association receivership proceeding and to reduce to judgment outstanding federal tax assessments for the years 1990, 1994, 1999 and 2000 made against the Benjamin Franklin Federal Savings & Loan Association, in receivership.

2. This action is commenced pursuant to Section 7401 of the Internal Revenue Code of 1986 (26 U.S.C.), at the direction of the Attorney General of the United States and at the request and with the authorization of a delegate of the Secretary of the Treasury.

3. This Court has jurisdiction over this action pursuant to 12 U.S.C. §§ 1819 and 1821(d)(6)(A), 28 U.S.C. §§ 1340 and 1345, and pursuant to 26 U.S.C. § 7402.

4. Venue is proper in the United States District Court for the District of Columbia pursuant to 12 U.S.C. § 1821(d)(6)(A)(ii) which provides that judicial review of the disallowance of claims by the Federal Deposit Insurance Corporation may be brought in this district and pursuant to 28 U.S.C. §§ 1391 because the Federal Deposit Insurance Corporation resides within this district.

## GENERAL ALLEGATIONS

5. The Benjamin Franklin Federal Savings & Loan Association was a

2

federally chartered savings association under 12 U.S.C. § 1464.

6. On or about September 7, 1990, the Office of Thrift Supervision, United States Department of Treasury, appointed the Resolution Trust Corporation (hereinafter "RTC") as receiver for the Benjamin Franklin Federal Savings & Loan Association.

7. Pursuant to the Resolution Trust Corporation Completion Act (12 U.S.C. § 1441a(m)(1)), on or before December 31, 1995, the RTC ceased operation and was succeeded by the Federal Deposit Insurance Corporation (hereinafter "FDIC"), as receiver of the Benjamin Franklin Federal Savings & Loan Association.

8. On or about June 1, 1992, the RTC, as receiver for Benjamin Franklin Federal Savings & Loan Association filed an original corporate income tax return for the year 1990 reflecting a total tax liability of $862,456,976.00. On or about April 4, 1994, the Internal Revenue Service (hereinafter "IRS") made an audit deficiency assessment in the amount of $71,710,699.00 for income taxes for the year 1990. The IRS also assessed penalties and interest for this period. As a result of the filing of amended corporate income tax returns by the RTC/FDIC [1] and the carryback of net-operating losses from subsequent tax periods, the outstanding balance on the income tax liability for the year 1990 for the Benjamin Franklin Federal Savings & Loan Association, in

---

[1] The most recent amended corporate income tax return for the Benjamin Franklin Federal Savings & Loan Association for 1990 was filed by the FDIC on or about September 15, 1997, and reflected a tax liability in the amount of $94,099,423.00.

3

receivership, is $1,077,257,999.00 with interest, penalties and other statutory additions calculated up through May 1, 2002, plus accrued but unassessed interest and other statutory additions accruing according to law from May 1, 2002.

9. On or about October 31, 1995, the RTC, as receiver for the Benjamin Franklin Federal Savings & Loan Association filed an original corporate income tax return for the year 1994 reflecting a tax liability of $336,470.60. The IRS also assessed penalties and interest for this period. As a result of the carryback of net-operating losses from subsequent tax periods, the outstanding balance on the income tax liability for the year 1994 for the Benjamin Franklin Federal Savings & Loan Association is $228,645.00 with interest, penalties and other statutory additions calculated up through May 1, 2002, plus accrued but unassessed interest and other statutory additions accruing according to law from May 1, 2002.

10. On or about July 26, 2000, the FDIC, as receiver for the Benjamin Franklin Federal Savings & Loan Association filed an original corporate income tax return for the year 1999 reflecting a tax liability of $110,140.80. The IRS also assessed penalties and interest for this period. The outstanding balance on the income tax liability for the year 1999 for the Benjamin Franklin Federal Savings & Loan Association is $189,171.00 with interest, penalties and other statutory additions calculated up through May 1, 2002, plus accrued but unassessed interest and other statutory additions accruing according to law from May 1, 2002.

11. On or about March 26, 2001, the FDIC, as receiver for the Benjamin

4

Franklin Federal Savings & Loan Association filed an original corporate income tax return for the year 2000 reflecting a tax liability of $79,710.92. The IRS also assessed penalties and interest for this period. The outstanding balance on the income tax liability for the year 2000 for the Benjamin Franklin Federal Savings & Loan Association is $92,646.00 with interest, penalties and other statutory additions calculated up through May 1, 2002, plus accrued but unassessed interest and other statutory additions accruing according to law from May 1, 2002.

### FIRST CLAIM FOR RELIEF FOR
### JUDICIAL DETERMINATION OF IRS's CLAIM UNDER SECTION 1821(d)(6)

12. The United States realleges and incorporates the allegations contained in Paragraphs 1 through 11, inclusive, as if fully set forth herein.

13. On or about August 6, 1992, the RTC, as receiver of the Benjamin Franklin Federal Savings & Loan Association, first sent written notice to the IRS in accordance with 12 U.S.C. § 1821(d)(3)(C) with respect to the claim filing procedures for creditors of the Benjamin Franklin Federal Savings & Loan Association.

14. On or about September 17, 1992, the IRS filed its initial Proof of Claim with the RTC in accordance with the provisions of 12 U.S.C. § 1821(d)(3) in connection with the receivership proceeding of the Benjamin Franklin Federal Savings & Loan Association. The IRS's Proof of Claim reflected that the Benjamin Franklin Federal Savings & Loan Association, in receivership, was indebted to the IRS for corporate income taxes for the year 1990 in the amount of $862,456,796.00 in tax with

5

$166,270,986.58 in interest and $280,298,517.10 in penalties accruing up through November 5, 1992. A duplicate of the above-referenced Proof of Claim was submitted to the RTC on or about November 2, 1992.

15. Subsequent to the filing of the original Proof of Claim with the RTC, the IRS filed several amended and/or additional Proofs of Claim with the RTC/FDIC to reflect additional corporate income tax liabilities for the Benjamin Franklin Federal Savings & Loan Association for the years 1994, 1999 and 2000 as well as to reflect the adjusted amounts of the liability for income taxes for the year 1990.

16. On or about April 22, 2002, the IRS filed its most recent Amended Proof of Claim with the FDIC in accordance with the provisions of 12 U.S.C. § 1821(d)(3) in connection with the receivership proceeding of the Benjamin Franklin Federal Savings & Loan Association. The April 22, 2002 Amended Proof of Claim reflected the following amount of indebtedness for income tax liabilities: [2]

| PERIOD | TAX | PENALTY | INTEREST |
|---|---|---|---|
| 1990 | $94,099,423 | $210,206,531 | $772,952,045 |
| 1994 | $ 16,780 | $ 70,991 | $ 140,874 |
| 1999 | $ 110,140 | $ 48,462 | $ 30,569 |
| 2000 | $ 79,711 | $ 6,377 | $ 6,558 |
| Totals: | $94,306,054 | $210,332,361 | $773,130,046 |
| Total Outstanding Balance: $1,077,768,461 | | | |

---

[2] The April 22, 2002 Amended Proof of Claim included interest calculated up through May 1, 2002.

6

17. The amounts reflected in the IRS's April 22, 2002 Proof of Claim filed with the FDIC in the Benjamin Franklin Federal Savings & Loan Association receivership proceeding are primarily based on original and amended federal income tax returns prepared and signed by the RTC/FDIC, as receiver for the Benjamin Franklin Federal Savings & Loan Association.

18. The 180-day period provided under 12 U.S.C. § 1821(b)(5)(A)(i) within which the RTC or FDIC had to determine whether to allow or disallow the IRS's claims was extended over several years by numerous written agreements between the RTC/FDIC and the IRS in accordance with the provisions of 12 U.S.C. § 1821(b)(5)(A)(ii). The final written agreement between the FDIC and the IRS under Section 1821(b)(5)(A)(ii) was entered into on or about June 10, 2002 and extended the time in which the FDIC had to allow or disallow the IRS's claims up to June 27, 2002.

19. As of the date of this Complaint, the FDIC has yet to provide the IRS with notice as to the allowance or disallowance of the IRS's claims. The IRS has exhausted all available administrative remedies within the RTC/FDIC in connection with pursuing its claims in the receivership proceeding of the Benjamin Franklin Federal Savings & Loan Association.

20. In accordance with 12 U.S.C. § 1821(b)(6)(A)(ii), this Court has jurisdiction to judicially determine, by de novo review, the validity, amount and status under 12 C.F.R. § 360.3 of the IRS's Proofs of Claim as filed with the FDIC in the receivership proceeding of the Benjamin Franklin Federal Savings & Loan Association.

7

## SECOND CLAIM FOR RELIEF TO REDUCE

## INCOME TAX ASSESSMENTS TO JUDGMENT

21. The United States realleges and incorporates the allegations contained in Paragraphs 1 through 20, inclusive, as if fully set forth herein.

22. On the dates and in the amounts set forth below, a delegate of the Secretary of the Treasury made assessments against Benjamin Franklin Federal Savings & Loan Association, in receivership (EIN 93-0162485), for federal corporate income taxes, penalties, interest, and other statutory additions for the tax periods set forth below:

Tax Year 1990

| Assessment Date | Tax | |
|---|---|---|
| 07/20/92 | $862,456,976.00 | (tax on original return assessed) |
| 07/20/92 | $120,344,303.03 | (late filing penalty assessed) |
| 07/20/92 | $ 73,308,842.96 | (failure to pay penalty assessed) |
| 07/20/92 | $131,893,911.86 | (interest assessed) |
| 05/31/93 | $327,593,407.00- | (prior tax abated by amended returns) |
| 05/31/93 | $ 1,102,261.14- | (failure to pay penalty abated by amended returns) |
| 04/04/94 | $ 71,710,699.00 | (additional tax assessed after audit) |
| 04/04/94 | $ 16,134,907.27 | (late filing penalty assessed) |
| 04/04/94 | $ 26,743,178.45 | (failure to pay penalty assessed) |
| 04/04/94 | $111,849,066.54 | (interest assessed) |
| 11/13/95 | $237,701,200.00- | (prior tax abated by nol carryback) |
| 11/13/95 | $ 3,584,579.61- | (failure to pay penalty abated by nol carryback) |
| 11/13/95 | $101,788,139.68 | (interest assessed) |

8

| Date | Amount | Description |
|---|---|---|
| 03/25/96 | $223,827,322.00- | (prior tax abated by nol carryback) |
| 03/25/96 | $ 27,304,784.39- | (failure to pay penalty abated by nol carryback) |
| 03/25/96 | $ 53,977,512.64- | (interest abated by nol carryback) |
| 04/01/96 | $ 49,132,827.00- | (prior tax abated by nol carryback) |
| 04/01/96 | $ 3,439,297.89- | (failure to pay penalty abated by nol carryback) |
| 04/01/96 | $ 12,252,485.41- | (interest abated by nol carryback) |
| 08/31/98 | $ 1,487,067.00- | (prior tax abated) |
| 12/07/98 | $ 326,429.00- | (prior tax abated) |

Tax Year 1994

| Date | Amount | Description |
|---|---|---|
| 12/25/95 | $ 336,470.60 | (tax on original return assessed) |
| 12/25/95 | $ 17,332.00 | (estimated penalty assessed) |
| 12/25/95 | $ 30,282.35 | (late filing penalty assessed) |
| 12/25/95 | $ 16,823.53 | (failure to pay penalty assessed) |
| 12/25/95 | $ 26,156.98 | (interest assessed) |
| 11/17/97 | $ 319,690.00- | (prior tax abated by nol carrybacks) |
| 11/17/97 | $ 5,126.67 | (failure to pay penalty assessed) |
| 11/17/97 | $ 33,154.99 | (interest assessed) |

Tax Year 1999

| Date | Amount | Description |
|---|---|---|
| 09/18/00 | $ 110,140.80 | (tax on original return assessed) |
| 09/18/00 | $ 26,984.50 | (late filing penalty assessed) |
| 09/18/00 | $ 6,414.85 | (interest assessed) |
| 09/18/00 | $ 550.70 | (late filing penalty assessed) |
| 11/06/00 | $ 1,864.67 | (interest assessed) |
| 11/06/00 | $ 550.70 | (failure to pay penalty assessed) |
| 11/27/00 | $ 550.70 | (late filing penalty assessed) |
| 11/27/00 | $ 1,101.41 | (failure to pay penalty assessed) |
| 11/27/00 | $ 960.91 | (interest assessed) |

9

Tax Year 2000

| | | | |
|---|---|---|---|
| 05/07/01 | $ | 79,710.92 | (tax on original return assessed) |
| 05/07/01 | $ | 966.60 | (interest assessed) |

23. Since the dates of the assessments described in Paragraph No. 22, above, interest and other statutory additions have accrued and will continue to accrue, as provided by law. The outstanding balances as of May 1, 2002 are set forth below:

| PERIOD | TAX | PENALTY | INTEREST |
|---|---|---|---|
| 1990 | $94,099,423 | $210,206,531 | $772,952,045 |
| 1994 | $ 16,780 | $ 70,991 | $ 140,874 |
| 1999 | $ 110,140 | $ 48,462 | $ 30,569 |
| 2000 | $ 79,711 | $ 6,377 | $ 6,558 |
| Totals: | $94,306,054 | $210,332,361 | $773,130,046 |

Total Outstanding Balance : $1,077,768,461

24. The amounts of the federal income tax liabilities which have been assessed by the IRS against the Benjamin Franklin Federal Savings & Loan Association, in receivership, and which are being sought to be reduced to judgment in this action are primarily based upon original and amended federal income tax returns for the years 1990, 1994, 1999 and 2000 which were prepared and signed by the RTC/FDIC, as receiver for the Benjamin Franklin Federal Savings & Loan Association.

25. Proper notice and demand for payment of the assessments set forth in

Paragraph No. 22, above, has been made on the RTC/FDIC, in their capacity as receiver for the Benjamin Franklin Federal Savings & Loan Association.

26. Despite notice and demand for payment of the assessments described in Paragraph No. 22, above, the FDIC, in its capacity as receiver of the Benjamin Franklin Federal Savings & Loan Association has neglected, refused, or failed to fully pay the assessments and there remains due and owing the amount of $1,077,768,461, plus accrued but unassessed interest, penalties and other additions as provided by law from May 1, 2002.

WHEREFORE, the plaintiff, the United States of America, prays as follows:

A. On the First Claim for Relief, that the Court enter judgment in favor of the United States of America and against the FDIC, in its capacity as receiver for the Benjamin Franklin Federal Savings & Loan Association, and adjudicate and determine under 12 U.S.C. § 1821(d)(6) that the United States has valid administrative claims under 12 C.F.R. § 360.3(a)(1) against the Benjamin Franklin Federal Savings & Loan Association in the FDIC Receivership Proceeding in the amount of $1,077,768,461, plus accrued but unassessed interest and other statutory additions accruing according to law from May 1, 2002;

B. On the Second Claim for Relief, that the Court enter judgment in favor of the United States of America and against defendant FDIC, in its capacity as receiver for the Benjamin Franklin Federal Savings & Loan Association, for unpaid assessments of federal corporate income tax, penalties and interest for the years 1990, 1994, 1999 and

11

2000 in the amount of $1,077,768,461, plus accrued but unassessed interest and other statutory additions accruing according to law from May 1, 2002;

C.  That the Court order the FDIC or the FDIC, in its capacity as receiver of the Benjamin Franklin Federal Savings & Loan Association, to turn over to the United States any remaining assets of the Benjamin Franklin Federal Savings & Loan Association to the extent of the amount of the IRS's claim; and

D.  That the United States be granted its costs and attorney's fees herein, and such other and further relief as this Court deems just and proper.

Dated: July 17, 2002

                              Respectfully submitted,

                              */s/ Henry Darmstadter*

                              HENRY C. DARMSTADTER
                              CHARLES M. DUFFY
                              JEREMY N. HENDON
                              Trial Attorneys, Tax Division
                              U.S. Department of Justice
                              Post Office Box 683
                              Ben Franklin Station
                              Washington, D.C.  20044
                              Telephone: (202) 307-6481
                                                 (202) 307-6406
                                                 (202) 353-2466