Case 1:02-cv-01427-EGS Document 33 Filed 05/02/2006 Page 1 of 6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** <br> **Plaintiff,** <br> **vs.** <br> **FEDERAL DEPOSIT INSURANCE CORPORATION,** ***et al.*** <br> **Defendants.** | ) | **Civil Action No. 02-1427** |

FILED
MAY - 2 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**

On May 2, 2006, the Court presided at a fairness hearing to consider a proposed settlement of the tax claim made against the Federal Deposit Insurance Corporation ("FDIC") as the receiver for The Benj. Franklin Federal Savings & Loan Association, Portland, Oregon, ("Benj. Franklin"). Because the amount of any tax settlement payment will directly affect the amount of money remaining in the Benj. Franklin receivership to be distributed to approximately 6,500 shareholders of Benj. Franklin, the Court previously approved a Notice to Shareholders and directed that it be sent by the FDIC to all known shareholders to advise them of the hearing about the fairness of the proposed tax settlement and to invite such shareholders to advise the Court of their views on the proposed settlement. *See* Order dated March 20, 2006.

Both parties to this action, the United States represented by the U.S. Department of Justice Tax Division and the FDIC, have agreed to a proposed settlement that would require the FDIC-Receiver to pay $50 million for the federal income taxes allegedly due for calendar years 1990 through 2002, which will resolve and close each of those disputed tax years. The remaining terms of the settlement are set out in the attached letter agreement between the

Department of Justice and the FDIC, which is made a part of this Order. That agreement was conditioned on the approval of this Court after the conduct of a fairness hearing.

At the May 2, 2006 fairness hearing, the Court heard from counsel for the plaintiff United States and for the defendant FDIC and also heard statements by several Benj. Franklin shareholders and by counsel for other Benj. Franklin shareholders, all of whom, except one, spoke in favor of the proposed settlement. Prior to the hearing, the Court also received the votes of approximately 446 shareholders, representing the ownership of approximately 3,000,000 shares of Benj. Franklin stock. Most of the shareholders who sent written views to the Court, expressed agreement with the proposed settlement. Of the total number of shares owned by these responding shareholders, 99.3% of the shares agreed with the settlement and .7% of the shares disagreed with the proposed settlement. Most of the shareholders who voted and disagreed do not believe that any taxes should be paid by the Benj. Franklin receivership because of the way in which the institution was seized back in 1990. In the Notice previously approved by this Court and sent to Benj. Franklin shareholders, they were advised that if they did not send the response form back to the Court, it would assume that such nonresponding shareholders did not object to the proposed settlement described in the Notice. Accordingly, 7,682,958 of the 7,705,000 million shares of common stock of Benj. Franklin voted in favor of the settlement.

Based on all of the views expressed at the hearing and set out in the forms submitted by Benj. Franklin shareholders, the Court finds that the settlement reached between the United States and the FDIC, with various counsel for Benj. Franklin shareholders also participating actively in the settlement discussions, was the product of arms-length negotiations. The Court further finds that the settlement is a fair, adequate, and reasonable way to resolve the tax controversy between the parties, particularly considering the early stage of the litigation

Case 1:02-cv-01427-EGS Document 33 Filed 05/02/2006 Page 3 of 6

proceeding and the opinions expressed by the experienced counsel to the parties and to the shareholders. Moreover, the issues related to the bank's seizure in 1990 are not before this Court and thus would not have been resolved in this forum, even if this tax case had been litigated to conclusion.

Accordingly, the terms of settlement set out in the attached letter agreement between the Department of Justice and the FDIC are approved by this Court, and the parties are directed to carry out the settlement in the manner set out in that agreement.

Dated: May 2 2006

Emmet G. Sullivan
United States District Judge

Case 1:02-cv-01427-EGS Document 33 Filed 05/02/2006 Page 4 of 6

Attorneys to be Served with Order

Richard S. Gill, Esq.
Legal Division
Federal Deposit Insurance Corporation
550 17th Street, N.W.
Washington, DC 20429

Henry C. Darmstadter, Esq.
Charles M. Duffy, Esq.
Carl Hankla, Esq.
Jeremy N. Hendon, Esq.
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683
Ben Franklin Station
Washington, DC 20044

Don S. Willner, Esq.
630 Sunnyside Road
Trout Lake, WA 98650

Case 1:02-cv-01427-EGS Document [illegible] Filed [illegible]/2006 Page 5 of 6

U.S. Department of Justice

Tax Division

*Washington, D.C. 20530*

[illegible]
[illegible]
2002[illegible]

November [illegible]

[illegible] Associate General Counsel
Federal Deposit Insurance Corporation
[illegible]
Washington, D.C. 20429

Re: *United States v. FDIC, Civ. No. 02-1427 (D.D.C.)*

Dear Mr. [illegible]:

This [illegible] amended offer dated July [illegible], 2005, submitted on behalf of the defendant to compromise the above-entitled [illegible] following basis:

The FDIC [illegible] to pay the United States the sum of $50,000,000 to settle [illegible] taxes, penalties and interest [illegible] assessed [illegible] Benjamin Franklin Savings and Loan Association for the [illegible] December 31, 1990, through December 31, 2002.

The $50,000,000 settlement payment will be [illegible] income tax liabilities for Benjamin Franklin for the calendar years 1990 through 2002 [illegible] of [illegible] settlement amount.

Upon receipt of the $50,000,000 settlement payment by the United States, all income tax liabilities for Benjamin Franklin for the calendar years 1990 up through and including 2002 will be [illegible] and closed. The United States [illegible] claims for income taxes, penalties or interest against [illegible] for the calendar years 1990 through 2002. [illegible] (or the FDIC) cannot pursue a claim for refund of income taxes [illegible] for the calendar years 1990 through 2002.

This settlement offer does not [illegible] any income tax liabilities for Benjamin Franklin for [illegible] periods after [illegible] 2002. The $50,000,000 settlement payment will not settle or resolve any federal income tax liabilities for Benjamin Franklin for the calendar year 2003 and any subsequent period.

75% of the first $[illegible],000,000 of the settlement payment will be treated as a payment of interest, and the remaining 25% of that amount will be treated as payment of [illegible] income taxes for purposes of determining the effect of the payment on tax years after 2002. The remaining $[illegible],000,000 of the settlement payment will be treated, solely as a payment of interest for purposes of determining the effect of the payment on tax years after 2002.

The settlement offer [illegible] subject to [illegible] approval by the FDIC's Board of Directors.

The settlement [illegible] contingent upon a [illegible] good faith determination by the United States District Court for the District of Columbia in connection with a "fairness" or "reasonableness" hearing [illegible] by the FDIC in the event that this settlement offer is accepted by the United States.

The FDIC will make the [illegible] million settlement payment within [illegible]0 calendar days of the date that the United States District Court determines [illegible] settlement [illegible]

Within seven calendar days of payment of the $50 million, the United States will dismiss its complaint in this case with prejudice. Dismissal [illegible] will not [illegible] United States [illegible] and/or collecting [illegible] liabilities of Ben[illegible] Savings and Loan Association that are not resolved by this settlement.

This offer [illegible] accepted on behalf of [illegible] General. The Chief Counsel, Internal Revenue Service, has been notified of this action.

[illegible] deposit [illegible] within [illegible]0 calendar days of the date that the United States District Court determines that the settlement is fair or reasonable [illegible] check payable to the "United States Treasury" bearing the taxpayer's employer identification number.

Enclosed [illegible] original and copy of a [illegible] dismissal of this case. Please sign [illegible] to this office. When we receive the amount due, we will sign the Stipulation and file it with the court, and return a signed copy to you.

EILEEN J. O'CONNOR
Assistant Attorney General
Tax Division

By: [signature]

SARAH A. [illegible]
Chief, Office of Review