```
00001
 1      UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF COLUMBIA
 2  ------------------------------x
    WINSTON & STRAWN, LLP, et al., :
 3                                 :
            Plaintiffs,            :
 4                                 :
         v.                        : No. 06-01120 (EGS)
 5                                 :    06-01227 (EGS)

 6  FEDERAL DEPOSIT INSURANCE      :    06-01273 (EGS)

 7  CORPORATION,                   :

 8                                 :

 9          Defendant.             :

10  ------------------------------x

11                  Washington, D.C.

12              Wednesday, January 17, 2007

13  Deposition of

14          BRUCE C. TAYLOR

15  a witness, called for examination by counsel for

16  Plaintiffs, pursuant to notice and agreement of

17  counsel, beginning at approximately 1:00 p.m., at

18  the law offices of Winston & Strawn, 1700 K Street,

19  NW., Washington, D.C., before Mary Ann Payonk of

20  Beta Court Reporting, notary public in and for the

21  District of Columbia, when were present on behalf

22  of the respective parties:
```

```
00006
 1  received it. I don't have any present
 2  recollection of receiving it, but I probably
 3  did, yes.
 4     Q   All right. Now, attached to the
 5  letter are two agreements between the FDIC
 6  and the Seuss plaintiffs. Did you receive
 7  those?
 8     A   I'm assuming I did.
 9     Q   What action did you take as a
10  result of receiving Exhibit 2, if any?
11     A   I don't recall taking any specific
12  action based on Exhibit 2.
13     Q   All right.
14         (Deposition Exhibit No. 3 was
15          marked for identification.)
16         BY MR. WILLNER:
17     Q   The court reporter's handed you
18  Exhibit 3, which is my letter to you of --
19  what's the date?
20     A   May 10th, 2002.
21     Q   Yes. Did you receive that letter?
22     A   I must have, since I responded to
```

```
00007
 1  it.
 2    Q   All right. Did you respond to that
 3  letter --
 4    A   Yes.
 5    Q   -- in writing?
 6    A   Yes.
 7    Q   Are you confusing that --
 8    A   Oh, wait. I'm sorry. I am
 9  confusing. I'm confusing the -- a letter
10  probably on or about May 20th, 2002, as the
11  letter that I responded to.
12    Q   All right.
13    A   I do not have a recollection of
14  responding to this letter.
15    Q   Okay. May I have it back for a
16  second? In this letter, I wrote to you: We
17  believe the tax liability is an open issue
18  under the interagency agreement which you
19  kindly sent to me.
20        Do you remember sending me the
21  interagency agreement?
22    A   Not specifically, but I assume that
```

```
00008
 1  I did, or that someone on our behalf sent it.
 2    Q  Sure.
 3        (Deposition Exhibit No. 4 was
 4        marked for identification.)
 5    BY MR. WILLNER:
 6    Q  Is Exhibit 4 the interagency
 7  agreement that you just referred to?
 8    A  As far as I can tell, it appears to
 9  be the document described in the last
10  exhibit.
11        MR. WILLNER:  Can I have these
12  again?  I'm sorry, the others.
13        MR. DeHENZEL:  I think they're
14  being circulated.
15        MR. WILLNER:  Okay.
16        BY MR. WILLNER:
17    Q  Okay, Mr. Taylor, I hand you back
18  Exhibit 3.  What action, if any, did you take
19  in connection with the receipt of Exhibit 3?
20    A  Again, I don't recall taking any
21  specific action in response to Exhibit 3.
22    Q  All right.
```

```
00009
 1    A   And when I say "I," I mean me
 2  especially. I can't speak for anybody else
 3  in the corporation.
 4           (Deposition Exhibit No. 5 was
 5           marked for identification.)
 6        BY MR. WILLNER:
 7    Q   Did you receive Exhibit 5?
 8    A   I believe I did, yes.
 9    Q   What action did you take in
10  connection with Exhibit 5?
11    A   To the best of my recollection, I
12  prepared a response letter addressing the
13  issues you raised in Exhibit 5.
14           (Deposition Exhibit No. 6 was
15           marked for identification.)
16        BY MR. WILLNER:
17    Q   What action, if any, did you take
18  in connection -- well, did you receive
19  Exhibit 6?
20    A   I assume that I did.
21    Q   And what action, if any, did you
22  take in connection with Exhibit 6?
```

```
00010
 1     A   I don't recall taking any specific
 2  action based on Exhibit 6 unless it prompted
 3  me to expedite the preparation and mailing of
 4  my response letter to you of I think the same
 5  date. But I'm not sure about the sequence of
 6  events.
 7          (Deposition Exhibit No. 7 was
 8          marked for identification.)
 9       BY MR. WILLNER:
10     Q   I've handed you Exhibit 7. Is this
11  the letter that you wrote to me in response
12  to one of the previous exhibits?
13     A   It appears to be, yes.
14          (Discussion off the record.)
15       BY MR. WILLNER:
16     Q   Did anyone else in FDIC participate
17  in the preparation -- is that 7, Exhibit 7?
18     A   To the best of my recollection, no
19  one else participated in the preparation of
20  the letter.
21     Q   All right. If your counsel has a
22  copy, could you look on with your counsel's
```

# WILLNER U'REN & HOOTON, LLP

| ATTORNEYS | ATTORNEYS AT LAW | PARALEGAL |
|---|---|---|
| Don S. Willner* | SUITE 303 | Leslie Martinez-Muñoz |
| Matthew U'Ren* | 111 S.W. NAITO PARKWAY | |
| Donald M. Hooton | PORTLAND, OREGON 97204-3500 | STAFF |
| Constance Wold | TELEPHONE (503) 228-4000 | Misty Plock |
| *Licensed in Oregon and Washington | FAX (503) 228-4261 | Gloria Flores |
| | | Sarah Waltemath |

*Se habla español*

May 3, 2002

**Via Facsimile Only**

Bruce Taylor
FDIC
202-942-3653

RE:   *Suess et al v. United States*

Dear Bruce:

John Thomas has instructed me to communicate with you rather than directly with him on the <u>Suess</u> case. I am enclosing a copy of an agreement between John Thomas and me dated January 25, 1999, and an agreement between Jim Igo and Tom Buchanan dated March 10, 1999.

I will phone you later today to discuss ways in which the FDIC can help.

Sincerely yours,

WILLNER U'REN & HOOTON, LLP

Don (sw)
Don S. Willner

DSW:sw
encl: 2

EXHIBIT NO. 2
WIT:
Date: 1-19-07
Rptr:

TRACTS           TEL 02-942-3654              Oct 21 '98  14:57 No.005 P.02
                     Kearney Mata Uran   503    1201                    P.03

Jan-25-99 11:24A Willner Kearney Mata Uran  503 2281261          P.01

## Supplemental Agreement
## Between the Suess Plaintiffs and FDIC-FRF-RTC

The parties agree as follows:

1. In consideration of plaintiffs dismissing with prejudice their claim for the appointment of an independent trustee, FDIC-FRF-RTC, having fiduciary duties to the shareholders, intends to make a good faith effort,

    (a) To minimize the IRS tax claim against the receivership;

    (b) To keep the plaintiffs informed about negotiations with the IRS; and

    (c) If a distribution to the shareholders results from this lawsuit, FDIC-FRF-RTC intends to make a good faith effort to keep the expenses to a minimum and provide the earliest possible distribution.

2. FDIC-FRF-RTC will use its best efforts to make available to plaintiffs any witnesses on its side of the firewall that it has made available to defendant.

3. The FDIC-FRF-RTC agrees to the terms stated in paragraph 1 through 8 of Plaintiffs' Motion Pursuant to RUSCC 19(a) for an order adding the FDIC-FRF-RTC as an additional party plaintiff.

Dated: January 25, 1999

FDIC-FRF-RTC                                    SUESS PLAINTIFFS

By *John V. Thomas*                             By *Don Willner*
John V. Thomas                                  Don S. Willner
Associate General Counsel                       Attorney of Record

**FDIC**
Federal Deposit Insurance Corporation

550 Seventeenth Street, N.W. #PA1730-3038
Washington, D.C. 20429

---

James Igo, Counsel  
(202) 942-3609

Legal Division

March 10, 1999

<u>Via Facsimile (202) 371-5950</u>

Thomas M. Buchanan, Esq.
Winston and Strawn
1400 L Street, N.W.
Washington, D.C. 20005-3502

Re: <u>Suess et al. v. United States</u>

Dear Tom:

This letter will constitute the agreement we tentatively reached March 3, 1999. The FDIC agrees to engage Michael Duhl forthwith as a tax consultant to advise FDIC and assist in negotiations with I.R.S. regarding what tax, if any, the Benjamin Franklin receivership owes to I.R.S. Further, FDIC will forthwith, after consultation with Mr. Duhl, use its best efforts to set up a meeting to discuss the tax issue with I.R.S.

In exchange, the private plaintiffs in <u>Suess</u> agree that they will not call Mr. Duhl in any part of the <u>Suess</u> trial. Further, assuming that the Department of Justice does not call Mr. Cywinski, private plaintiffs will not call Mr. Cywinski in any part of its case.

Sincerely,

James J. Igo

Agreed to on March 15th, 1999

James J. Igo
FDIC Plaintiff

Thomas M. Buchanan
<u>Suess</u> et al.
Private Plaintiffs

# WILLNER U'REN & HOOTON, LLP

**FILE COPY**

**ATTORNEYS**
Don S. Willner*
Matthew U'Ren*
Donald M. Hooton
Constance Wold
*Licensed in Oregon and Washington

ATTORNEYS AT LAW
SUITE 303
111 S.W. NAITO PARKWAY
PORTLAND, OREGON 97204-3500
TELEPHONE (503) 228-4000
FAX (503) 228-4261

**PARALEGAL**
Leslie Martinez-Muñoz

**STAFF**
Misty Plock
Gloria Flores
Sarah Waltemath

*Se habla español*

May 10, 2002

<u>Via Facsimile and Regular Mail</u>

Bruce Taylor
FDIC Legal Division
550 17th Street, N.W.
PA 1730, Suite 300
Washington DC 20459

Re:  Benj. Franklin Tax Liaiblity

Dear Bruce:

I have previously sent you the enclosed agreements of January 25, 1999 between John V. Thomas and myself, and of March 10, 1999 between Jim Igo and Tom Buchanan, both agreements are signed on behalf of our respective clients. As I said in our telephone call, I have talked to Mike Duhl and my clients would like to retain him to help limit or reduce the tax liability.

We believe that the tax liability is an open issue since under the Inter-Agency Agreement, which you kindly sent to me, the RTC was required to certify for each taxable year that "the assets of such thrift are insufficient to satisfy the claims of the thrift's depositors (or the RTC as successor for the depositors' claims);" (page three of the Agreement). Then on page five of the Agreement it says, "These limitations on claims for refund will not apply if the certification pursuant to Section IV is erroneous."

The certification in the Benj. Franklin case is erroneous because the thrift's deposit liability was assumed by a solvent corporation, Bank of America, and there is now at least $80,000,000 in the Receivership in the unlikely event that Bank of America would become insolvent.



Page 2
May 10, 2002

    The Agreement with John Thomas provided that FDIC "having duties to the shareholders, intends to make a good faith effort (a) To minimize the IRS tax claim against the receivership." The later agreement of Jim Igo implements the Thomas agreement. The <u>Suess</u> trial is over and plaintiffs did not call Duhl or Cywinski.

    It will help minimize the tax liability if Mike Duhl could now be retained by the Suess plaintiffs or by the Suess plaintiffs and the FDIC plaintiff to use his best efforts to minimize the tax liability. Mr. Duhl believes that he could be helpful in minimizing the tax liability.

    We would like to get started as soon as possible.

                         Sincerely yours,

                           WILLNER U'REN & HOOTON, LLP

                         Don (sw)
                         Don S. Willner

DSW:sw
encl: 2

# WILLNER U'REN & HOOTON, LLP

ATTORNEYS
Don S. Willner*
Matthew U'Ren*
Donald M. Hooton
Constance Wold
*Licensed in Oregon and Washington

ATTORNEYS AT LAW
SUITE 303
111 S.W. NAITO PARKWAY
PORTLAND, OREGON 97204-3500
TELEPHONE (503) 228-4000
FAX (503) 228-4261

PARALEGAL
Leslie Martinez-Muñoz

STAFF
Misty Plock
Gloria Flores
Sarah Waltemath
Krystle McKinnon

*Se habla español*

May 20, 2002

<u>Via Facsimile and Regular Mail</u>

Bruce Taylor
FDIC Legal Division
550 17th Street, N.W.
PA 1730, Suite 300
Washington DC 20429

FILE COPY

EXHIBIT NO. 5
Date: 1-17-07

Re:   Benj. Franklin Taxes

Dear Bruce:

This letter is a follow-up to our discussion by telephone of last week, and my earlier letter of May 10, 2002, a copy of which is enclosed. We want FDIC to hire Mike Duhl for further work on Benj. Franklin taxes or allow us to hire him.

I have talked to Mike Duhl. He says that the position he would espouse in this case is the same position that he has espoused on behalf of numerous other FDIC receiverships. Accordingly, he does not understand that any conflict exists from which to seek a waiver.

I view this matter as carrying out the agreement between the <u>Suess</u> plaintiffs dated January 25, 1999 and the implementing agreement of March 15, 1999, copies of which are enclosed.

On January 25, 1999 we agreed, "FDIC-FRF-RTC, having duties to the shareholders, intends to make a good faith effort to minimize the IRS tax claim against the receivership."

Then on March 15, 1999 we agreed, "The FDIC agrees to engage Michael Duhl forthwith as a tax consultant to advise FDIC and assist in negotiations with IRS regarding what tax, if any, the Benjamin Franklin receivership owes to IRS."

Mr. Duhl tells me that previously he and others understood that the Inter-Agency Agreement and the certifications required under that agreement gave IRS binding authority to

Page 2
May 20, 2002

resolve any difference of opinion in cases to which the agreement applied. I have provided Mr. Duhl with a copy of the Inter-Agency Agreement, which you kindly provided to me. It is clear to him and to me that the certifications previously filed by RTC and FDIC were incorrect therefore the Inter-Agency Agreement, by its express terms, does not apply to the Benj. Franklin receivership.

Based upon this new vital information, it is clear that the agreement of January 25, 1999 requires that as part of your good faith effort to minimize the IRS tax claim against the receivership you either request further tax consultant services from Mr. Duhl and consult with him as to the best strategy for dealing with the IRS, or raise no objection to our retaining Mr. Duhl.

FDIC-FRF-RTC has been our co-plaintiff in this litigation and we are on the same side of this issue. We both want to use our best efforts to minimize the IRS tax claim against the receivership. We agree that Mr. Duhl is the best qualified person to proceed on our behalf, and he believes the FFA tax assessed by the IRS is incorrect. We do not want a lawsuit with our long time friend and co-plaintiff, the FDIC, which if necessary would be filed in the U.S. District Court for the District of Oregon. We ask that FDIC reconsider its position based upon the two agreements.

Neither Mr. Duhl nor I believe that there is any conflict in Mr. Duhl representing us, but that issue does not need to be resolved if you will re-hire Mr. Duhl in accordance with your contractual agreement with us, and let him pursue the matter on your behalf.

Our agreement on January 25, 1999 also requires FDIC to "To keep the plaintiffs informed about negotiations with the IRS." Since the issue of whether the FFA tax should be part of our restitution damages is still unresolved either by Judge Smith, or by the U.S. Court of Appeals for the Federal Circuit we trust that you will not make any payment to the IRS without advance notice to us and without our consent.

Let us work together in accordance with our agreed upon duties to the Benj. Franklin shareholders.

Sincerely yours,

WILLNER U'REN & HOOTON, LLP

Don S. Willner (km)

Don S. Willner

DSW:km
encl: 3

## WILLNER U'REN & HOOTON, LLP

| ATTORNEYS | ATTORNEYS AT LAW | PARALEGAL |
|---|---|---|
| Don S. Willner* | SUITE 303 | Leslie Martinez-Muñoz |
| Matthew U'Ren* | 111 S.W. NAITO PARKWAY | |
| Donald M. Hooton | PORTLAND, OREGON 97204-3500 | STAFF |
| Constance Wold | TELEPHONE (503) 228-4000 | Misty Piock |
| *Licensed in Oregon and Washington | FAX (503) 228-4261 | Gloria Flores |
| | | Sarah Waltemath |
| | | Krystle McKinnon |

*Se habla español*

June 6, 2002

<u>Via Facsimile and Regular Mail</u>

Bruce Taylor
FDIC Legal Division
550 17th Street NW
PA-1730 – Suite 300
Washington DC 20429

     Re:   Benj. Franklin Taxes

Dear Bruce:

     On May 20, 2002 I wrote you the enclosed letter along with attachments that you had previously seen. I have received no answer to my May 20th letter. I am instructed by my clients to proceed rapidly to resolve the tax matter and I need to hear from you as soon as possible.

                      Sincerely yours,

                      WILLNER U'REN & HOOTON, LLP

                      Don S. Willner

DSW:sw
encl: 1

