# FDIC

**Federal Deposit Insurance Corporation**
550 17th Street, NW
PA1730 – Suite 300
Washington, DC 20429

Bruce C. Taylor
Tel. 202.942.3620
Fax. 202.942.3653
btaylor@fdic.gov

June 6, 2002



## VIA FACSIMILE AND REGULAR MAIL

Don S. Willner, Esq.
Willner U'Ren & Hooten
111 S.W. Naito Parkway
Suite 303
Portland, OR 97204-4000
Fax: 503.228.4261

Re: *Suess v. United States*, Fed. Cl. 90-981C
Tax Issues – Mike Duhl

Dear Don:

This letter responds to your letter dated May 20, 2002, regarding the above-referenced matter. I apologize for the delay.

As you are aware, the FDIC agreed to consult with Mr. Duhl in an effort to reduce the tax liability being asserted against the Ben Franklin S & L receivership estate, and the Shareholder Plaintiffs agreed not to call Mr. Duhl as a witness at trial. This arrangement was designed to provide the FDIC with a further opportunity to convince the IRS that the taxes should be reduced and eliminate the possibility that Mr. Duhl would be asked to testify about confidential or privileged information obtained during his extensive work on behalf of the FDIC.

The FDIC believes that it has fulfilled its obligation under the agreements dated January 25, 1999, and March 15, 1999. In accordance with the agreements , the FDIC met with the IRS in an attempt to reduce the tax liability asserted against the Ben Franklin receivership. Mr. Duhl accompanied FDIC representatives to the meeting. As you know, this attempt was unsuccessful. Further, as you know, repeated other efforts by the FDIC to get the IRS to reduce the asserted tax liability also have been unsuccessful. It appears unlikely that further efforts will be successful in lowering the IRS assessment of taxes, penalties, and interest below the projected assets of the receivership estate. In fact, the IRS has not given any indication that it will lower its assessments at all. The failure of the IRS to reduce the taxes, however, does not equate to a failure by the FDIC to comply with the agreements.

In light of the foregoing, there is clearly no proper basis for suing the FDIC with respect to its handling of this matter. Further, your communications with Mr. Duhl have been problematic at best. You first sought authorization to speak with Mr. Duhl. Rather than wait for a decision concerning authorization, however, you sought out and spoke with Mr. Duhl.



EXHIBIT NO. 7
Wit:
Date: 1-17-07
Rptr: Day

Your letter indicates that you spoke to Mr. Duhl about the merits of the FDIC's position on both the Inter-Agency Agreement and conflicts issues, even after I advised you that Mr. Duhl could not perform services for the Shareholder Plaintiffs unless he sought and received a conflicts waiver from the FDIC Conflicts Committee.

Your letter indicates that both you and Mr. Duhl do not believe that a conflict exists. As I told you in our earlier discussion, however, the FDIC Conflicts Committee is the only body with authority to decide a conflicts issue on behalf of the FDIC.

Again, if Mr. Duhl does not believe that there is a conflict, he must submit a request for a waiver along with his reasons. Unless and until a waiver is granted, however, you are not authorized to speak with Mr. Duhl, and Mr. Duhl is not authorized to speak with you. Mr. Duhl has or will be contacted separately by the FDIC in this regard.

Finally, you expressed the hope that no payments would be made to the IRS without advance notice to you and without your consent. Although we agreed to keep you apprised of the status of negotiations with the IRS, we did not agree to notify you or obtain your consent before the FDIC takes any action it deems necessary or appropriate and have no duty to do so. We can tell you, however, that a decision may be made soon on how to handle the IRS's claim, in light of the IRS's latest indication that it does not intend to abate any portion of the tax liability of the Ben Franklin receivership. Further, we will let you know if a payment is made to the IRS, so you can advise your clients accordingly.

Thank you for your attention to this matter.

Sincerely,

Bruce C. Taylor